## Kinney *v.* Williams.

In the Court below,

JOSEPH WILLIAMS, *Plaintiff;* DAVID KINNEY, *Defendant.*

In ejectment for two pieces of land, particularly described, a finding, "that the defendant has done wrong and disseisin, in manner and form as alleged in the plaintiff's declaration *so far as respects the plaintiff's right in his mother's dower,*" is sufficiently certain.

THIS was an action of ejectment, for two pieces of land, described by particular metes and bounds, the first containing seven acres and an half, and the other half an acre.

The general issue was pleaded, and a verdict returned in the following words: " In this case, the jury find, the de-" fendant has done wrong and disseisin, in manner and form " as the plaintiff in his declaration hath alleged, so far as " respects the plaintiff's right in his mother's dower ; and, " therefore, find for the plaintiff, to recover of the defend-" ant the seisin and quiet possession of said land, being two " acres and one quarter, as described in the distribution of " his mother's dower, together with five dollars damages, " and his cost : And, as to the residue of the demanded " premises, the jury find, that the defendant has done no " wrong nor disseisin."

The defendant moved in arrest of judgment, on the ground, that the land mentioned in the verdict did not appear to be the same as that described and demanded in the declaration ; that the verdict found, that the defendant had disseised the plaintiff of a naked right only ; and that the verdict was too vague and uncertain.

The plaintiff replied, that the two acres and one quarter, mentioned in the verdict, was part of the seven acres and an half, described in the declaration ; and from the records of the Court of Probate, for the district of Plainfield, where it was described by particular metes and bounds, appeared to be the plaintiff's right in his mother's dower.

There was a demurrer to this replication ; which was adjudged sufficient.

The judgment on this issue was assigned for error.

*Goddard*, for the plaintiff in error, after remarking, that the replication was not to be regarded, as it could not aid a verdict, which, compared with the declaration, was insufficient, proceeded to support the motion in arrest.   To shew that the verdict was too vague and uncertain, he cited *Winksworth* v. *May*, (a)  *Savel's case*, (b)*Knight* v. *Syms*, (c) 2 *Bac. Abr.* 34, *Guil. edit.*

*A. Spalding*, for the defendant in error, contended, that the description in the verdict was sufficiently certain; that it was not necessary that it should be so precise, that the sheriff, without direction, could find the land ; but that, however, by reference to the dower of the plaintiff's mother, it was reducible to certainty.   To shew that in England, even looser descriptions than this have been held good, he cited *Cottingham* v. *King*, (d) *'Esp. Dig.* 448, *Dub. edit.*

By the Court, unanimously,

The judgment was affirmed.

(a) *Noy* 125.                    (b) 11 *Rep.* 55.
(c) 1 *Salk.* 254.               (d) 1 *Burr.* 623.

1805.

KINNEY
*v.*
WILLIAMS.